

U.S. Department of Justice

Criminal Division

*Criminal Division, Fraud Section*
*1400 New York Avenue, NW*
*Washington, D.C. 20530*

June 7, 2019

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Alexander Burns and Andrew Scherr*, 18-cv-9477

Dear Judge Schofield:

      As this Court is aware, on October 16, 2018, the United States Securities and Exchange Commission ("SEC") filed a complaint against Defendants Alexander Burns and Andrew Scherr in the above-captioned case. The SEC's Complaint alleged that the Defendants, former executives of Southport Lane Management, LLC ("Southport"), perpetrated a scheme to defraud insurance companies by causing them to "transfer over $300 million in cash to companies controlled by Defendants in exchange for essentially worthless or grossly overvalued securities created by or at the direction of the Defendants." Complaint, D.E. 1. The Defendants settled with the SEC as to liability, and agreed to pay disgorgement of ill-gotten gains and other penalties in amounts to be determined at a later date. Civil Action, D.E. 6, 15. Thus, as reflected in this Court's March 8, 2019 Order, the remaining issues relate solely to "disgorgement, prejudgment interest and civil penalt[ies]." Civil Action, D.E. 16.

      On April 24, 2019, a grand jury sitting in the Northern District of Texas returned an Indictment charging Andrew Scherr and Robert McGraw, another former Southport executive, with wire fraud affecting a financial institution, conspiring to commit the same, and conspiring to commit crimes by or affecting persons engaged in the business of insurance. *United States v. Andrew Scherr & Robert McGraw*, No. 3:19-cr-225(S), N.D. Tex. The Indictment and the SEC's Complaint are based on the same nexus of facts—namely a scheme perpetrated by Southport executives to defraud victim insurance companies out of cash and other valuable assets by causing insurance companies to replace legitimate assets with fraudulently overvalued and illiquid securities created by the Defendants. The allegations in the Indictment relate to the same time period as the SEC's Complaint, and involve many of the same individuals and entities.

      In light of the similarity of the allegations and individuals involved in the two matters, the Government respectfully submits that further proceedings in the above-captioned SEC action will

hinder its ongoing criminal prosecution and requests that this Court stay further proceedings in the above-captioned case until the conclusion of the criminal case in the Northern District of Texas. The Government has consulted with the SEC, as well as counsel for Defendants Alexander Burns and Andrew Scherr, and none of the parties to the SEC action object to the Government's request.

        Respectfully submitted,

        */s/Caitlin R. Cottingham*
        Caitlin Cottingham
        Danny Nguyen
        Trial Attorneys
        U.S. Department of Justice

cc:    Timothy Capozzi, Esq. (by email)
        Michael Tremonte, Esq.  (by email)
        David E. Danovitch, Esq. (by email)
        Peter R. Ginsberg, Esq. (by email)
        Kevin McGrath, Esq. (by email)
        Thomas Smith, Esq. (by email)