UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>ALEXANDER C. BURNS and<br>ANDREW B. SCHERR,<br><br>            Defendants. | 18-cv-09477 (LGS) |

**FINAL JUDGMENT AS TO DEFENDANT ANDREW B. SCHERR**

The Securities and Exchange Commission having filed a Complaint and Defendant Andrew B. Scherr ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] by, while acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce:

 (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

 (b) to engage in any transaction, practice, or course of business which operates as a fraud

or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,400,000.00 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $491,718.85  for a total of $1,891,718.85.  Defendant's $1,891,718.85 payment obligation shall be deemed satisfied by the restitution ordered in the Judgment in a Criminal Case entered against Defendant in *United States v. Andrew B. Scherr*, Crim. No. 3:19-cr-00225-S(01) (N. D. Tex.), DE 94.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____March 31, 2022_____

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

         v.

ALEXANDER C. BURNS and
ANDREW B. SCHERR,

                        Defendants.

18-cv-09477 (LGS)

## CONSENT OF DEFENDANT ANDREW B. SCHERR

1.    Defendant Andrew B. Scherr ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Defendant has pleaded guilty to criminal conduct relating to certain matter alleged in the complaint in this action. Specifcally, in *United States v. Andrew B. Scherr*, Crim. No. 3:19-cr-00225-S(01) (N. D. Tex.), Defendant pleaded guilty to violations of 18 U.S.C. § 371, Conspiracy to Commit Crimes by Affecting Persons Engaged in the Business of Insurance Whose Activities Affect Interstate Commerce, and 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud Affecting a Financial Institution. In connection with that plea, Defendant admitted that, from around 2012 through 2016 [handwritten: 2014 ABS], he agreed and conspired to defraud insurance companies by causing a company that he worked for to: (i) create fraudulently overvalued and illiquid securities, and false and fraudulent documentation regarding the purported value of those securities; (ii) gain access to investment portfolios, trusts, and assets of the victim insurance

1

companies, and (iii) strip victim insurance companies of cash and other valuable assets by replacing those assets with the fraudulently overvalued and illiquid securities he created. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Andrew B. Scherr*.

3. Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)]; and

    (b) orders Defendant to pay disgorgement in the amount of $1,400,000.00, plus prejudgment interest thereon in the amount of $491,718.85, for a total of $1,891,718.85, and finds that Defendant's $1,891,718.85 payment obligation shall be deemed satisfied by the Order of Restitution entered against Defendant in *United States v. Andrew B. Scherr*, Crim. No. 3:19-cr-00225-S(01) (N. D. Tex.)

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any

3

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph

affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11/22/21

_____
Andrew B. Scherr

On Nov 22, 2021, Andrew Scherr, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 12/03/2022

[Notary Seal: JOSHUA A BIRD, NOTARY PUBLIC, No. 01BI6384078, STATE OF NEW YORK, Qualified in Orange County, My Commission Expires Dec. 3, 2022]

5

Andrew Scheer
58785-177
F.C.I. Otsville
2 Mite Drive
Otisville, NY 10963

Mr. Kevin McGrath
Securities and Exchange Commission
200 Vesey Street, Suite 400
New York, New York 10281

WESTCHESTER NY 105
27 DEC 2021 PM 5 L

RECEIVED
By
DEC 30 2021

10281-552000